**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

In re:                                           )
     Trevor Lane Ward                       )   Case No. 21-13594 EEB
     Monique A.O.F. Ward                  )   Chapter 7
                                                 )
     Debtors.                                )
                                                 )

**TRUSTEE'S MOTION TO APPROVE AGREEMENT
TO SETTLE CLAIM OF ESTATE**

The Chapter 7 Trustee of this estate, David Lewis, and Trevor Lane Ward and Monique A.O.F Ward, Debtors, have entered into an Agreement, a copy of which is attached hereto, to settle a claim of the bankruptcy estate which is subject to Bankruptcy Court approval. The Trustee hereby seeks approval based on the following grounds:

1. The Trustee believes the proposed Agreement is in the best interests of the bankruptcy estate and its creditors because it will allow liquidation of the equity in Debtors' property without significant expense or delay.

2. Among the trustee's considerations before entering this Agreement, the Trustee considered:  a) the risk that the property may not sell for its estimated value; b) the fact that a liquidation sale of personal property would involve certain costs for an auctioneer and for advertising a sale which costs typically are as much as 10% of the gross sale price for vehicles c) the fact that the proposed payment will allow the estate to recover a fixed and certain amount for the assets; and e) that the value of the bulk of the assets at issue is easily determined and the stipulated amount is based on that value.

3. The Trustee estimates that the net value to the estate after deduction of costs of sale and the debtors' exemptions would be approximately equal to the settlement amount.

Wherefore, the Trustee requests the entry of an Order approving the terms of the proposed Agreement

Dated: June 30, 2022

*/s/ David Lewis*
CHAPTER 7 TRUSTEE
1400 Main Street, Suite 201-B
Louisville, CO 80027
(303) 666-1217
david@davidlewispc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2022, a true and complete copy of the Trustee's Motion to Approve Agreement to Settle Claim of Estate, notice and proposed order were placed in the U.S. Mail, first class, postage prepaid, addressed to the following addresses pursuant to the local bankruptcy rules.

United States Trustee via CM/ECF
Jane M. Roberson via CM/ECF
Alison L Berry via CM/ECF

Trevor Lane Ward
Monique A.O.F. Ward
10077 Carson Way
Commerce City, CO 80022

/s/ Christy Bevel
Christy Bevel, Legal Assistant

## STIPULATION TO SETTLE CLAIM OF THE ESTATE
## REGARDING PERSONAL PROPERTY

**Parties**: The parties to this agreement are, David Lewis, (Trustee) in his capacity as Chapter 7 Trustee and the debtors of the bankruptcy estate of Trevor Lane Ward and Monique A.O.F. Ward (Debtors).

**Recitals**:

< Debtors filed for protection under Chapter 13 of the United States Bankruptcy Code on July 9, 2021 and converted to a case under Chapter 7 on December 15, 2021 in the District of Colorado in a case labeled as Case No. 21-13594 EEB.

< David Lewis is the duly appointed Chapter 7 Trustee in this bankruptcy estate. Among the duties of the Trustee is the responsibility to liquidate property of the bankruptcy estate.

< The Debtors' schedules, and/or Trustee Information Sheet disclose that Debtors have an interest in property that is not claimed as exempt, consisting of miscellaneous assets including but not limited to: firearms consisting of a two Marlin 22's, a Winchester 1300 and a shotgun HR 20 gauge camp gun and non-exempt bank account balances, cash on hand, non-exempt wages and a HSA account (collectively the "Property") with a scheduled and/or unscheduled estimated value of $1,656.00 above the value of encumbrances, if any. At the time of the bankruptcy filing, this property became property of the bankruptcy estate. The Trustee believes that the debtor's estimates of value are credible. The parties to this agreement understand that the values specified above are estimates of value and the actual value if the property were sold could prove to be higher or lower.

< The property specified above is expected to be comprehensive of the assets to be liquidated in this case. If this IS expected to be a comprehensive settlement that means that to the extent assets have been fully disclosed the trustee will not seek to recover such disclosed assets or their value except as specified in this agreement, and as specified in this paragraph. If this IS NOT expected to be comprehensive the Trustee may be liquidating only some of the assets by agreement with the debtors and any other assets such as interests in interval ownership property, real property, mineral rights etc. may be liquidated by separate sale procedures. In either event this agreement only applies to assets in the hands of the debtor(s) and does not limit the estate's rights to pursue avoidable transfers, undisclosed assets, mineral rights or tax refunds.

< The Trustee has evaluated the estate's risks and costs before entering this agreement.

**Agreement:** Based on these mutual understandings, the parties therefore agree as follows:

The Debtors agree to pay the trustee the sum of $1,450.00 (the Settlement Amount) as full and final settlement of the estate's claims to the above-described property. Payment of the Settlement Amount shall be delivered to the trustee in monthly payments of $241.67 beginning March 20, 2022, by delivering a check payable to David Lewis, Trustee, 1400 Main Street, Ste. 201B, Louisville, CO 80027.

This Agreement shall be submitted to the Bankruptcy Court for approval and shall become effective upon approval, the terms and conditions specified herein shall be complied with within 10 days following court approval or by such other due date as stated herein, as applicable. Upon approval by the Court, this agreement may be made an Order of the Court and failure to comply with the terms of this Order may constitute grounds for revocation of discharge.

If the Bankruptcy Court fails to approve this agreement the Trustee reserves all rights to demand immediate turnover of the Property. The Trustee further agrees to promptly refund the Settlement Amount to the Debtor(s) if this agreement is not approved by the Court and the Parties do not agree to an acceptable, alternative agreement.

Following approval of this agreement and receipt of the Settlement Amount by the Trustee, the Trustee will waive on behalf of the estate any claim to the estate property identified above and parties in interest should be aware that approval of this agreement will cause an abandonment by the estate of its interest in the property identified above.

This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, representations, warranties and understandings of the parties with respect to the personal property addressed by this agreement. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by all parties affected thereby and approved by the Bankruptcy Court to the extent such approval is required under applicable law. No waiver of any of the provisions of this agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

Each party hereto agrees to execute any and all documents and to do and perform any and all reasonable acts and things as are necessary and proper to effectuate the terms and provisions of this agreement.

This Agreement shall be binding upon, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns, whether by operation of law or otherwise. Without limiting the foregoing, the Agreement shall be binding upon any successor trustee or other representatives of this bankruptcy estate.

The parties represent and warrant to each other that each has completely read and understood this Agreement, if the signature of Debtors' attorney is attached, the Debtors have been advised by counsel regarding the terms and conditions of this agreement before signing it and each party has voluntarily executed it and voluntarily accepted the terms of this Agreement.

Dated _____ June 29 _____, 2022.

CHAPTER 7 TRUSTEE:

David Lewis, Trustee
1400 Main Street, Suite 201-B
Louisville, CO 80027
Phone (303) 666-1217
david@davidlewispc.com

DEBTOR(S):

Trevor Lane Ward

Monique A.O.F. Ward

Approved by
ATTORNEY FOR DEBTOR
Jane M. Roberson
PO Box 1077
Denver, CO 80201

3

The parties represent and warrant to each other that each has completely read and understood this Agreement, if the signature of Debtors' attorney is attached, the Debtors have been advised by counsel regarding the terms and conditions of this agreement before signing it and each party has voluntarily executed it and voluntarily accepted the terms of this Agreement

Dated ___23 June___, 2022

CHAPTER 7 TRUSTEE:                                DEBTOR(S)

David Lewis, Trustee                             Trevor Lane Ward
1400 Main Street, Suite 201-B
Louisville, CO 80027
Phone (303) 666-1217
david@davidlewispc.com

                                                 Monique A.O.F. Ward

                                                 Approved by
                                                 ATTORNEY FOR DEBTOR
                                                 Jane M. Roberson
                                                 PO Box 1077
                                                 Denver, CO 80201

